```
                            O
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KEITH BRIM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No. [CV 99-02201 DDP (MLG)]<br>　　　　SA CR 93-00098 (1) LHM<br><br>**ORDER DENYING PETITIONER'S MOTIONS TO REOPEN AND TO CORRECT CLERICAL ERROR**<br><br>[Docket No. 461] |

　　　The lengthy background of this case is set forth in detail in the October 21, 2002 Report and Recommendation of United States Magistrate Judge denying Petitioner Brian Keith Brim's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. The court adopted the Magistrate Judge's Report and Recommendation and entered judgment denying Petitioner's § 2255 Motion with prejudice on November 24, 2003.

　　　On July 11, 2007, Petitioner filed a purported application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. However, on February 5, 2008, this court held that the application was properly construed as another motion to vacate Petitioner's conviction, and therefore denied it as an untimely and successive § 2255 motion.

1    On May 16, 2011, Petitioner filed a Motion to Reopen his
2 initial § 2255 Motion pursuant to Federal Rule of Civil Procedure
3 60(b) ("Rule 60(b)").  Petitioner then filed, on January 23, 2012,
4 a Motion pursuant to Federal Rule of Criminal Procedure 36 ("Rule
5 36"), asking the court to hold his Rule 60(b) Motion in abeyance
6 and instead correct an alleged clerical error in the Magistrate
7 Judge's Report and Recommendation.  Having reviewed all of
8 Petitioner's submissions, the court denies both Motions.
9    As an initial matter, it appears to the court that the Motions
10 in fact constitute Petitioner's third and fourth requests for
11 relief under § 2255.  Because these successive § 2255 motions have
12 not first been "certified . . . by a panel of the appropriate court
13 of appeals," 28 U.S.C. § 2255(h), the court must deny them.  In
14 addition, a § 2255 motion typically must be filed within one year
15 of "the date on which the judgment of conviction becomes final."
16 Id. § 2255(f)(1).  Here, the judgment on Petitioner's direct appeal
17 was entered in 1997, while the Motions at issue were filed in 2011
18 and 2012, more than a decade afer the deadline.  Petitioner's
19 Motions are therefore untimely as well.
20    Further, even if the court were to consider Petitioner's
21 Motions on the merits, it would deny them.  Both Motions boil down
22 to Petitioner's argument that the Government failed to prove the
23 quantity of PCP relevant both to his conviction and to the advice
24 he received from counsel in deciding to reject a plea bargain.  The
25 problem for Petitioner is that, even accepting his argument that
26 the exact PCP yield was indeterminable, he still would have been
27 subject to a 360-life sentence under the proposed plea agreement,
28 as his counsel advised him, based on the amount of the precursor

2

1  <u>chemicals</u> alone.  Likewise, given the quantity of precursors,
2  Defendant cannot show that he was actually innocent of conspiring
3  to manufacture more than one kilogram of PCP, as required for his
4  conviction.
5       For all of these reasons, the court hereby DENIES both of
6  Petitioner's pending Motions.
7
8  IT IS SO ORDERED.
9
10
11 Dated: September 14, 2012
12                                    DEAN D. PREGERSON
                                      United States District Judge