```
                                                    O

                                              CLOSED
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KEITH BRIM, | Case Nos. [CV 12-08107 DDP] |
| | [CV 99-02201 DDP] |
| Plaintiff, | SA CR 93-00098 LHM ✓ |
| v. | **ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255(f)(3) TO VACATE SENTENCE BY A PERSON IN FEDERAL CUSTODY, DENYING MOTION FOR APPOINTMENT OF COUNSEL, DENYING REQUEST FOR CORRECTIVE JUDGMENT, GRANTING RULE 36 MOTION, AND REOPENING TIME TO FILE AN APPEAL** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Before the court are Petitioner's Motion Under 28 U.S.C. § 2255(f)(3) to Vacate . . ., Motion for Appointment of Counsel, Motion for Corrective Judgment, Motion Pursuant to Rule 36, and Motion for Order Reopening Time to File Appeal. Having considered Petitioner's submissions, the court adopts the following order.

The lengthy background of this case is set forth in detail in the October 21, 2002, Report and Recommendation of United States Magistrate Judge denying Petitioner Brian Keith Brim's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. The court adopted the Magistrate Judge's Report and Recommendation

and entered judgment denying Petitioner's § 2255 Motion with prejudice on November 24, 2003.

On July 11, 2007, Petitioner filed a purported application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. However, on February 5, 2008, this court held that the application was properly construed as another motion to vacate Petitioner's conviction, and therefore denied it as an untimely and successive § 2255 motion.

On May 16, 2011, Petitioner filed a Motion to Reopen his initial § 2255 Motion pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). Petitioner then filed, on January 23, 2012, a Motion pursuant to Federal Rule of Criminal Procedure 36 ("Rule 36"), asking the court to hold his Rule 60(b) Motion in abeyance and instead correct an alleged clerical error in the Magistrate Judge's Report and Recommendation. This court denied both Motions, construing them as third and fourth requests for relief under § 2255.

On September 20, 2012, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, and on December 18, 2012, filed a Motion for Appointment of Counsel, presently before the court. On April 11, 2013, Petitioner filed a Request for Corrective Judgment, also presently before the court.

**I. § 2255 Motion**

Petitioner now files a fifth request for relief under § 2255. He argues that under two recent Supreme Court cases, <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012) and <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), his trial counsel's failure to timely convey a written government plea offer before the expiration date of the plea offer deprived him of effective assistance of counsel and actually

2

prejudiced him.  A second or successive § 2255 petition is appropriate if it contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).  However, a second or successive motion must also be "certified . . . by a panel of the appropriate court of appeals," 28 U.S.C. § 2255(h). In the absence of such certification, the court DENIES the Motion without prejudice.

**II. Request for Corrective Judgment**

It appears to the court that this Request constitutes a sixth request for relief under § 2255.  Like the § 2255 Motion before the court, this Motion has not been certified by a panel of the court of appeal and the court must therefore deny it.  Unlike the § 2255 Motion before the court, this Motion does not purport to contain newly discovered evidence or a new rule of constitutional law which would justify a successive motion.  This Motion appears to repeat arguments pertaining to the quantity of PCP involved in the offense, which Petitioner made in previous § 2255 motions and which have already been rejected by the court and the Court of Appeals. See Order Denying Petitioner's Motions to Reopen and to Correct Clerical Error, 99-CV-02201-DDP-MLG.  See also United States v. Brim, 148 Fed. Appx. 619, 621 (9th Cir. 2005)("[T]he failure to research the drug purity and discover a possible lower minimum offense level did not affect the sentencing range of 360 months to life offered in the plea agreement.") The court DENIES the Request.

**III. Appointment of Counsel**

There is no constitutional right to appointment of counsel in federal or state habeas corpus proceedings.  See McCleskey v. Zant,

3

499 U.S. 467, 495 (1991); United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990). Pursuant to 18 U.S.C. § 3006A(a)(2)(B), the district court may provide representation to any financially eligible person whenever "the court determines that the interests of justice so require." In exercising its discretion, "the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). The Ninth Circuit has held that "indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney v Lewis ,801 F.2d 1191, 1196 (9th Cir. 1986).

Petitioner states that "it is in the interest of justice that counsel be assigned." The court finds that at this time the appointment of counsel is not necessary to avoid due process violations in this case, and the interests of justice do not require appointment of counsel. Petitioner was able to articulate his grounds clearly in his petition and make cogent arguments in support of his petition. Accordingly, petitioner's request for appointment of counsel is DENIED without prejudice.

**IV. Rule 36 Motion**

Petitioner argues that he was charged $150 as a special assessment in the underlying criminal case but should only have been charged $50. He argues that the three special assessments constitute multiple punishments for the same act. He asks the court

to correct the assessment under Rule 36 of the Federal Rules of Criminal Procedure.

Petitioner was convicted on three counts: (1) conspiracy to manufacture PCP, (2) possession of PCC with intent to manufacture PCP, and (3) intent to manufacture PCP. The Ninth Circuit affirmed his conviction on the conspiracy count, but vacated and stayed the convictions and sentences on the other two counts:

> [In a previous case, the Ninth Circuit held that] although the defendant was properly charged and tried on separate counts for each step in the manufacturing process, he could be convicted and sentenced for only one. . . . Cumulative punishments for attempt and for conspiracy under § 846 are not permissible when only one criminal undertaking is involved. Because the possession, attempt, and conspiracy here [in Petitioner's case] were clearly all parts of one criminal undertaking, the district court should have sentenced Brim on only one of the counts.

United States v. Brim, 129 F.3d 128 (9th Cir. 1997)(internal citations and quotation marks omitted). The Ninth Circuit thus vacated the judgments of conviction and the sentences on two counts and ordered their entries stayed pending completion of the sentence on the first count.

Petitioner cites Rutledge v. United States, 517 U.S. 292 (1996), which held that special assessments are considered to be punishments and that it is inappropriate to impose two assessments on two convictions when one of them is a lesser included offense. In Rutledge, a petitioner who had been found guilty of participating in a conspiracy to distribute controlled substances

and also of conducting a criminal enterprise was improperly sentenced to concurrent life sentences for the two charges because one was a lesser included offense of the other; although the sentences were served concurrently, the special assessment of $50 on the second conviction meant that the conviction amounted to a second punishment for the same activity.

The court finds that Petitioner's situation is similar. Given that the Ninth Circuit vacated the judgments of conviction and sentences on two of three counts because all three counts were part of one criminal undertaking, imposing a separate assessment upon each of the three counts would likewise constitute multiple punishments for the same criminal undertaking. The court therefore GRANTS the Rule 36 Motion and orders that the assessment be reduced from $150 to a total of $50.

**V. Motion to Reopen Time to File Appeal**

Good cause being shown, the court GRANTS Petitioner's Motion to Reopen Time to File Appeal of this court's order denying petitioner's Rule 60(b) Motion on September 14, 2012. Petitioner may file a notice of appeal within 30 days of this Order.

**VI. Conclusion**

For the reasons stated above, the petitioner's Motion under § 2255, Motion for Appointment of Counsel, and Motion for Corrective Judgment are DENIED without prejudice. Petitioner's Rule 36 Motion and Motion to Reopen Time to File Appeal are GRANTED.

IT IS SO ORDERED.

Dated: July 19, 2013

DEAN D. PREGERSON
United States District Judge